432 July 8, 2026 No. 658

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSIE CLARENCE EZELL,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR61669; A185376

Katharine von Ter Stegge, Judge.

Submitted June 18, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

On appeal from a judgment of conviction for first-degree sodomy and first-degree sexual abuse, defendant challenges the trial court's decision to impose consecutive sentences. Because, as defendant acknowledges, he did not raise this challenge below, we review for plain error, ORAP 5.45(1), and affirm.

Defendant was resentenced following a reversal of several of his convictions that were obtained by nonunanimous verdicts in violation of the Sixth Amendment. *State v. Ezell*, 326 Or App 352, 532 P3d 496, *rev den*, 371 Or 509 (2023). At the resentencing, defendant denied the abuse. The trial court observed that defendant's denial had made its job "easier" and imposed consecutive sentences. On appeal, defendant acknowledges that the trial court had discretion to impose consecutive sentences, but argues that the court abused that discretion by relying on defendant's right against self-incrimination.

Any error is not plain. Plain error requires "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is not apparent on this record that defendant exercised any right against self-incrimination, or that the trial court was relying on such an exercise rather than defendant's lack of remorse or insight or acceptance of responsibility. And defendant has not identified legal authority prohibiting the consideration of defendant's lack of insight or remorse or acceptance of responsibility into the nature of his conviction in sentencing. *See State v. Moravek*, 297 Or App 763, 769, 444 P3d 521, *rev den*, 365 Or 533 (2019) (concluding that the "case is not a suitable case for plain-error review because the legal point at issue is not 'obvious'" (quoting *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990))).

Affirmed.